|                                   |   |                                    |
|-----------------------------------|---|------------------------------------|
| **YAHYA GHALEB,**                 | : | **UNITED STATES DISTRICT COURT**   |
|                                   | : | **DISTRICT OF NEW JERSEY**         |
| **Plaintiff(s),**                 | : |                                    |
|                                   | : | **Hon. John C. Lifland**           |
| **-vs-**                          | : | **Civil Action No. 04-84 (JCL)**   |
|                                   | : |                                    |
| **U.S. SHIP MANAGEMENT,**         | : | **PRETRIAL SCHEDULING ORDER**      |
|                                   | : |                                    |
| **Defendant(s).**                 | : |                                    |

     **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on May 10, 2005, Neil Gronowetter, Esq. appearing on behalf of Plaintiff and Noreen D. Arralde, Esq. appearing on behalf of Defendant; and for good cause shown:

     **IT IS on this 10th day of May, 2005**

     **ORDERED THAT:**

## I.  DISCOVERY AND MOTION PRACTICE

     1.     Discovery is to remain open through **November 1, 2005**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

     2.     Any motion to add new parties, whether by amended or third-party complaint, must be returnable not later than    **NONE** .

     3.     Any motion to amend pleadings must be returnable not later than   **NONE** .

     4.     Defendant's counsel shall file an answer no later than **May 24, 2005.**

     5.     No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.

     6.     Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed.  See L. Civ. R. 16.1(f)(1).

     7.     No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

8.      No motions are to be filed without prior written permission from this Court.  All dispositive motions must first be subject to a dispositive motion pre-hearing.  These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b), Appendix N and 78.1.

## II.  EXPERTS

9.      All affirmative expert reports shall be delivered by **November 15, 2005,** with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**.  See Fed. R. Civ. P. 26(b) (4) (A).  Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

10.     All responding expert reports shall be delivered by **December 15, 2005**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**.  Any such report shall be in the form and content as described above.

11.     No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## III.  FINAL PRETRIAL CONFERENCE

12.     A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) at **a time and date to be assigned**.

13.     Pursuant to paragraphs 14 and 15 of this Court's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

14.     All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference.  Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

15.     With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

16.     The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and  trial briefs.  All counsel are responsible for the timely submission of the Pretrial Order and submissions.

## IV.  MISCELLANEOUS

17.     Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **June 1, 2005.**

18.     The parties may serve interrogatories limited to twenty-five (25) single questions and requests for production of documents on or before **June 10, 2005**, to be responded to **within twenty (20) days of receipt**.

19.     The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

20.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

21.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

22.     Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order.  <u>See</u> <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994); <u>Glenmede Trust Company v. Thompson</u>, 56 F.3d 476 (3d Cir. 1995); Fed.R.Civ.P. 26(c).

23.     There shall be a status/settlement conference before the undersigned on **Thursday, June 16, 2005** at **2:30 p.m.**  Plaintiff's counsel shall initiate the telephone conference.

24.     **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**


          /s/   Mark Falk
**MARK FALK**
**United States Magistrate Judge**


Original:     Clerk of the Court
cc:           Hon. John C. Lifland, U.S.D.J.
              All Parties
              File